EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Local Office
Newark Area Office
1 Newark Center, 21st Floor
Newark, N.J. 07102-5233

21 S. 5th Street, Suite 400
Philadelphia, PA 19106
MMT 0380
Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) |
| v. | )<br>) |
| KEAN UNIVERSITY | ) COMPLAINT<br>)<br>) JURY TRIAL DEMAND<br>) |
| Defendant. | ) |

### NATURE OF ACTION

This is an action under the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of age and to provide appropriate relief to Andrew Triandafilou who was aggrieved by those unlawful practices. As alleged with greater particularity in Paragraphs 7(a) through (f) below, the Commission alleges that Defendant failed to promote Mr. Triandafilou to the position of Associate Supervisor 2, Facilities because of his age, then age 59. As a result of the discriminatory practices, Mr. Triandafilou suffered backpay and front pay losses.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FSLA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the District Court for the District of New Jersey.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times, Defendant Kean University (the "University"), has continuously been a State University in the state of New Jersey.

5.  At all relevant times, Defendant University has continuously been an University within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6.  Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the

meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.  Since at least November 13, 2003, the Defendant University has engaged in unlawful employment practices at its facilities in Union, New Jersey, in violation of § 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) as follows:

(a)  Andrew Triandafilou began working for Defendant University as a Locksmith in 1981. He was promoted to Locksmith Supervisor in April 2000, and supervised employees in that capacity. During his 24 year career with Defendant University, Mr. Triandafilou has consistently received good performance evaluations. In his June 2000 evaluation, Mr. Triandafilou received an overall rating of "Commendable", which included favorable assessments of the performance factors of: managing resources; managing/valuing diversity; and planning, organizing and evaluating.

(b)  On October 21, 2003, Defendant University announced the job vacancy for the position of Associate Supervisor 2, Facilities. According to the position description, under the direction of a Director in the Facilities Area, the Associate Supervisor 2, Facilities "assists in the administration of a complex major program and/or large unit; supervises one or more sections of the unit or program; exercises authority in the absence of the Director; does related work as required." The position included the supervision of the custodial staff of over 50 employees. The position vacancy announcement required that an applicant must have graduated from an accredited college with a Bachelor's degree and have "[f]our years of professional experience in education, higher education, or other field related to the functions of the position."

(c)  Andrew Triandafilou applied for the position and was interviewed by managers in the Facilities and Campus Planning Department, the Associate Director, Alonzo Losado, and

Assistant Director, Juan Tenreiro.

(d) Mr. Triandafilou was well qualified for the position. In addition to his excellent performance as a Locksmith and Locksmith Supervisor while employed by Defendant University, Mr. Triandafilou earned his Bachelor's Degree in Economics in 1975. He was awarded his Masters in Public Administration Degree from Kean University in 1994. At the time he applied for the position, in addition to his years of supervisory experience while employed by the university, Mr. Triandafilou had worked as a supervisor for many years at prior employers before he was hired by Kean University.

(e) Despite his superior qualifications for the position, Mr. Triandafilou was not selected to the Associate Supervisor 2, Facilities position, because of his age, then age 59. Instead, Defendant University selected a substantially younger, less qualified, and less experienced individual for the position.

(f) On November 13, 2003, Defendant University selected William Hill, then age 24, for the position. Mr. Hill began working full time for Defendant University on March 25, 2002, as a Program Assistant-Administrative Services in the Facilities and Campus Planning Department. Mr. Hill did not meet the minimum job qualifications for the Associate Supervisor 2, Facilities position as set forth in the vacancy announcement. At the time of the selection, Mr. Hill did not have four years of professional experience, let alone the required four years of professional experience in higher education. Moreover, he did not have any supervisory experience.

8. The effect of the practices complained of in Paragraphs 7(a) through (f) above has been to deprive Andrew Triandafilou of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

4

9. The unlawful employment practices complained of in Paragraphs 7(a) through (f) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in terminations based on age, and any other employment practice which discriminates against individuals 40 years of age and older.

B. Order the Defendant University to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals age 40 and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant University to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, and prejudgment interest to Andrew Triandafilou, whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant University to make whole Andrew Triandafilou, who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to the promotion of Andrew Triandafilou, or frontpay in lieu thereof if promotion is not feasible.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington DC 20507

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

MARY M. TIERNAN
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone: (215) 440-2828