PETER C. HARVEY, JR.
Attorney General of New Jersey
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey  08625-0112
Attorney for the Defendant
Kean University

By:  Joseph M. Micheletti (JM 5094)
     Deputy Attorney General
     (609) 292-8552

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CIVIL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | HONORABLE JOHN C. LIFLAND |
| | Civil Action No. 05-1553(JCL) |
| Plaintiff, | |
| v. | |
| | **ANSWERS TO COMPLAINT AND JURY DEMAND** |
| KEAN UNIVERSITY, | |
| Defendant. | |

Defendant, Kean University, (hereinafter "the Defendant") by way of answer to the complaint states:

NATURE OF ACTION

Although this court has jurisdiction to hear civil rights cases where plaintiff invokes the Age Discrimination in Employment Act of 1967, the defendant denies the applicability of the civil rights statues to this case, as the plaintiff has not been denied any right, privilege or immunity granted by the United States Constitution or act of Congress. As to the remainder of the allegations of this paragraph and with greater particularity in

Paragraphs 7(a) through (f) below in plaintiff's complaint, the defendant neither admits nor denies these allegations, but leaves plaintiff to his proofs.

## JURISDICTION AND VENUE

1. Although this court has jurisdiction to hear civil rights cases where plaintiff invokes 28 U.S.C.§§ 451,133, 1337, 1343 and 1345; the defendant denies applicability. This plaintiff invokes this action which is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b)(the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FSLA"), as amended, 29 U.S.C. §§ 216(C) and 217. The defendant denies the applicability of the civil rights statutes to this case, as the plaintiff has not been denied any right privilege or immunity granted by the United States Constitution or act of Congress. Therefore, jurisdiction of this court should be denied.

2. The defendant makes no answer to paragraph 2 of the complaint, since it calls for a legal conclusion.

## PARTIES

3. The defendant makes no answer to paragraph 3 of the complaint, since it calls for a legal conclusion.

4. Admitted

5. The defendant makes no answer to paragraph 5 of the complaint, since it calls for a legal conclusion.

CONCILIATION

6. The defendant neither admits nor denies, but leaves plaintiff to his proofs.

STATEMENT OF CLAIMS

7. Denied.

(a) The defendant admits plaintiff began working for the defendant University as a Locksmith in 1981. The defendant neither admits nor denies the remaining allegations of paragraph 7(a) of the complaint, but leave plaintiff to his proofs.

(b) The defendant neither admits nor denies the allegations of paragraph 7(b) of the complaint, but leave plaintiff to his proofs.

(c) The defendant neither admits nor denies the allegations of paragraph 7(c) of the complaint, but leave plaintiff to his proofs.

(d) The defendant neither admits nor denies the allegations of paragraph 7(d) of the complaint, but leave plaintiff to his proofs.

(e) Denied.

(f) The defendant neither admits nor denies the allegations of paragraph 7(f) of the complaint, but leave plaintiff to his proofs.

8. Denied.

9. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to join the appropriate parties.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is frivolous, a sham, and states no substantial issue.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff does not have standing with respect to the allegations of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter and/or the Defendants in this action.

### SIXTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of collateral estoppel and/or *res judicata* and/or entire controversy and/or issue preclusion.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has not been deprived of any right, privilege or immunity secured to the Plaintiff by the United States Constitution or any Act of Congress.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff has not been deprived of any right, privilege or immunity secured to the Plaintiff by the Constitution and laws of the State of New Jersey.

### TENTH AFFIRMATIVE DEFENSE

Defendants herein did not know, and was not reasonably expected to know, that any actions taken by the Defendants with respect to this Plaintiff, at all relevant times, were in violation of the Plaintiff's constitutional rights.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants acted at all relevant times with good faith and without any fraud or malice.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants are not guilty of negligence and violated no duty to the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the sole negligence of the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the Plaintiff were the result of the actions of persons and/or entities over whom the Defendant had no control.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant herein is a public entity of the State of New Jersey and at all times was acting pursuant to the lawful

authority invested in it by the State. All acts so performed were the result of the appropriate exercise of the Defendant's discretion.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any actions taken by Defendant was in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-2 and accordingly no liability may be imposed upon the Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from suit.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's complaint is barred by the Eleventh Amendment of the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to, but not limited to the provisions of N.J.S.A. 59:1-1, et seq.

### TWENTIETH AFFIRMATIVE DEFENSE

The complaint and the proceedings resulting therefrom and any recovery resulting therefrom is barred, limited and/or controlled by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any recovery to which the Plaintiff may be entitled against Defendants is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Recovery is barred by the failure of the Plaintiff to give timely notice of claim or to present a claim in accordance with <u>N.J.S.A</u>. 59:8-1 <u>et</u> <u>seq</u>.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Any liability which might otherwise be imposed upon Defendants is subject to reduction by the application of comparative negligence set forth in <u>N.J.S.A</u>. 59:9-4.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

Pursuant to <u>N.J.S.A</u>. 34:19-8, the Plaintiff waives his right to pursue other remedies available under the law since the Plaintiff has selected to pursue his rights under the Conscientious Employee Protection Act.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

Recovery is barred by the failure of the Plaintiff to comply with the requirements of <u>N.J.S.A</u>. 34:19-4.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

The Plaintiff was an at-will employee who served at the pleasure of the appointing authority.

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

All personnel actions taken with regard to the Plaintiff were done for legitimate business reasons

<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

All common-law causes of action are barred by <u>N.J.S.A</u>. 34:15-8.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant took prompt and remedial action.

THIRTIETH AFFIRMATIVE DEFENSE

Defendant has a policy against discrimination, harassment and retaliation.

THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant thoroughly investigated the Plaintiff's complaints.

THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant is not liable for contribution or indemnification to any other party.

THIRTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, are barred because the Plaintiff has failed to mitigate damages.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

JURY DEMAND

The Defendant demands a trial by jury on all issues in the cause.

NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4

PLEASE TAKE NOTICE that the undersigned attorneys do hereby demand, pursuant to the above cited Rules of Court, that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories, and all documents, papers and other material

referred to therein, received from any party, upon the undersigned attorneys, and TAKE NOTICE that this is a CONTINUING demand.

### CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES

I certify in accordance with R. 4:5-1 that to the best of any knowledge as of the date herein that there is no other proceeding either pending or contemplated with respect to the matter in controversy, except on appeal of a decision the Office o f Administrative Law, Merit System Board, in the Superior Court of New Jersey, Appellate Division, # A-4914-02T2.

### RESERVATION OF RIGHTS

The Defendant reserves the right, at or before trial, to move to dismiss the Complaint and/or for summary judgment, on the ground that the Complaint fails to state a claim upon which relief can be granted and/or the Defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

<u>DESIGNATION OF TRIAL COUNSEL</u>

Please take notice that Joseph M. Micheletti, Deputy Attorney General is hereby designated as trial counsel.

                                      PETER C. HARVEY
                                      ATTORNEY GENERAL OF NEW JERSEY

                              By:   /s/ Joseph M. Micheletti
                                    JOSEPH M. MICHELETTI
                                    Deputy Attorney General

Dated:    May 18, 2005

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that I today caused an original and one copy of an Answer and Case Information Statement to be served by regular first class mail, postage prepaid as follows:

        JACQUELINE H. MCNAIR ESQ.
        Regional Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Philadelphia District Office
        21 S. Fifth Street
        Suite 400
        Philadelphia, PA 19106
        Telephone (215) 440-2688

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

                                      PETER C. HARVEY
                                    ATTORNEY GENERAL OF NEW JERSEY

                              By:   /s/ Joseph M. Micheletti
                                    JOSEPH M. MICHELETTI
                                    Deputy Attorney General

Dated:    May 18, 2005